# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| UNITED STATES of AMERICA, | Criminal Action No. 19-179 (SRC) |
| Plaintiff, | |
| v. | **OPINION & ORDER** |
| JHAMARCUS DRAYTON, | |
| Defendant. | |

**CHESLER, District Judge**

This matter comes before the Court on the motion for compassionate release, pursuant to 18 U.S.C. § 3582(c)(1)(A), by Defendant Jhamarcus Drayton ("Drayton"). On November 10, 2023, Defendant filed a motion for compassionate release from incarceration, so that he may obtain private medical treatment. The Government has opposed the motion, and Defendant filed a reply brief. For the reasons that follow, the motion will be denied.

Defendant moves for compassionate release, pursuant to 18 U.S.C. § 3582(c)(1)(A). Defendant contends that extraordinary and compelling reasons justify his release, based on his present medical condition. Defendant contends that BOP orthopedists have recommended that he have surgical replacement of his right hip, that Defendant will be eligible for release to a halfway house on March 14, 2024 and, in summary:

> It would appear unnecessary for Mr. Drayton to remain in custody for an additional twelve months, during which time he will need surgery, prescription pain medications, and rehabilitation, fully arranged and organized by the BOP, while he could be released a few months early and undergo surgery and rehabilitation in a more comfortable and therapeutic setting.

1

(Def.'s Br. at 11.) The Government, in opposition, argues that the motion should be denied because: 1) Defendant has not shown any extraordinary and compelling reason to justify release; and 2) the Section 3553(a) factors not only do not warrant a reduction in sentence, but weigh against it.

> In making the present motion, Defendant has:
>
> moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018. This provision empowers a court to reduce a defendant's term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Until passage of the First Step Act, only the Bureau of Prisons could bring a motion for compassionate release. The First Step Act created an independent avenue for defendants to seek relief from the federal courts.

United States v. Ebbers, 2020 U.S. Dist. LEXIS 3746, at *1-2 (S.D.N.Y. Jan. 8, 2020) (citations omitted.) The relevant provision states:

> (c) Modification of an imposed term of imprisonment. The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) [18 USCS § 3553(a)] to the extent that they are applicable, if it finds that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction; or
>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c) [18 USCS § 3559(c)], for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g) [18 USCS § 3142];

>   and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>
>   (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and
>
>   (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) [18 USCS § 3553(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582.

As a sister Court has explained:

>   We evaluate compassionate release based on three factors. First, we address whether "extraordinary and compelling reasons warrant the reduction" and whether the reduction is consistent with the Sentencing Commission's policy statements in effect before the First Step Act. Second, we determine whether [defendant] is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." Third, we must consider the factors listed in 18 U.S.C. § 3553(a), "to the extent they are applicable."

United States v. Sotelo, 2019 U.S. Dist. LEXIS 135051, at *12 (E.D. Pa. Aug. 7, 2019).[1] As the movant, Defendant bears the burden to establish that he is eligible for a sentence reduction. United States v. Green, 764 F.3d 1352, 1356 (11th Cir. 2014).

The Government argues persuasively that Defendant has not demonstrated that extraordinary and compelling reasons warrant a reduction in sentence. As the Government contends, Defendant's wish to receive treatment from his preferred private surgeon does not provide a compelling reason to reduce his sentence. Nor does Defendant's comment that it is "unlikely" that he will receive "the optimal medical care available" while incarcerated provide a

---

[1] "[A]lthough the policy statement is no longer binding, it still sheds light on the meaning of extraordinary and compelling reasons." United States v. Andrews, 12 F.4th 255, 260 (3d Cir. 2021).

3

compelling basis for a reduction in sentence. (Def.'s Br. at 4.) This Court agrees with the Government that these reasons are neither extraordinary nor compelling.

Moreover, the Government makes a persuasive case that the § 3553(a) factors weigh against release. The Government points to these factors: "(1) the seriousness of his offense; (2) his history and characteristics; (3) the need for his sentence to deter him and others from committing crimes; and (4) the need to avoid a sentencing disparity." (Pl.'s Opp. Br. at 6.) As to the seriousness of the offense, Defendant was convicted of possession of a firearm by a convicted felon, as well as possession of heroin with intent to distribute. As to Defendant's history, he was first arrested at age 15, with multiple subsequent arrests and convictions for firearm and controlled substance offenses. The Government argues that early release would reduce the deterrent effect of the sentence on others and send the message to potential offenders that repeat narcotics and firearms offenders will receive lenient treatment. The Court agrees with the Government that a reduction in sentence would work against the goals of imposing the sentence that Defendant received. Consideration of the § 3553(a) factors weighs strongly against release.

This Court finds the Government's arguments convincing: Defendant has not provided any extraordinary and compelling reason for a reduction in sentence. In addition, this Court has weighed the § 3553(a) factors, and they do not support granting Defendant's motion for compassionate release.

For these reasons,

**IT IS** on this 10th day of January, 2024,

4

**ORDERED** that Defendant's motion for compassionate release (Docket Entry No. 48) is **DENIED**.

s/ Stanley R. Chesler<br>
Stanley R. Chesler, U.S.D.J